## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ELIZABETH F. LAMBERT** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 3:14-cv-1382** |
| | § | |
| **v.** | § | |
| | § | |
| **UNUM LIFE INSURANCE COMPANY** | § | |
| **OF AMERICA** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Elizabeth F. Lambert ("Plaintiff") files this Plaintiff's Original Complaint against UNUM Life Insurance Company of America ( "Defendant").

### I.
### Parties

1.      Plaintiff is an individual who was employed by the Bill and Melinda Gates Foundation (Foundation) which provided long term disability ("LTD") benefits funded by a policy of insurance issued to Foundation.

2.      Defendant is an insurance company licensed to do business in Texas and issued a group LTD policy ("Policy") to Foundation.

### II.
### Jurisdiction and Venue

3.      This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

5.      Venue is proper in this District pursuant to 29 U.S.C § 1132(e)(2), because the Defendant can be found in this District.

### III.
### Factual Background

6.      Foundation Plan ("Plan") was an employee benefit plan which provided LTD coverage for employees of Foundation.

7.      The Plan is subject to ERISA.

8.      At all pertinent times, Plaintiff was an employee of Foundation and was a participant, within the meaning of 29 U.S.C. § 1002(7), in the Plan.

9.      Plaintiff suffers from several medical conditions.  These various conditions would not and will not permit Plaintiff to perform the duties of any occupation as defined in the Policy.

10.     Defendant denied LTD benefits to Plaintiff.

11.     Plaintiff appealed Defendant's termination of Plaintiff's LTD benefits.

12.     Defendant denied  Plaintiff's appeal.

13.     Plaintiff has complied with all requirements of the administrative procedure.

14.     Plaintiff was and is disabled based on the definition of disability in the Policy.

15.     The Defendant operated under a conflict of interest as it is both the determiner of claims and the payer of claims.

**IV.**
**REQUEST FOR RELIEF**
**COUNT ONE**
**Claim for Benefits Under the Policy**

16.     Plaintiff is entitled to LTD benefits under the Policy as Plaintiff met the definition of disability contained in the Policy.

17.     Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Policy's requirements.

18.     The Defendant is not granted discretion, or such discretion is void under Texas law. The standard of review is *de novo* and Defendant's decision to terminate Plaintiff's benefits was wrong.

19.     In the alternative, Defendant's decision to terminate Plaintiff's benefits was arbitrary and capricious.

20.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits which have not been paid to Plaintiff.

**In the alternative, Request for Remand**

21.     In the termination letter, Defendant made a general identification of documents but failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal, and the reason such material or information was necessary.

22.     Defendant selected and utilized biased medical consultants to review claim files.

23.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff benefits which have not been paid or in the alternative, remand this claim to Defendant so that it:

    a.     can identify the material necessary to perfect Plaintiff's claims and the reason why such information is necessary, and

    b.     can eliminate the conflict of interest and utilize unbiased record reviewers.

## V.
## COUNT TWO
### Attorney's Fees Pursuant to 29 U.S.C § 1132(g)(1)
### Against Defendant

24.    Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

## PRAYER

WHEREFORE, Plaintiff requests that the Court order:

1.    Defendant to pay Plaintiff the full employee benefits incurred and unpaid at the time of trial;

2.    Defendant to reinstate Plaintiff on the Policy for future payments in accordance with the terms and conditions of the Policy;

3.    In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

4.    Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

5.    Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

6.    That Plaintiff  recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

Respectfully submitted,


  /s/Bernard A. Guerrini
Bernard A. Guerrini
State Bar No. 08581700
BERNARD A. GUERRINI, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Phone: (214) 692-6556
Fax:    (214) 692-6578
guerrinipc@erisaltd.com

ATTORNEY FOR PLAINTIFF